**Mayra A. Ledesma,** OSB #183942
mayra@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

|  |  |
|---|---|
| **LORENZO CORTES-DIAZ** and **JOSE MANUEL CORTES-DIAZ**, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**DL REFORESTATION, INC.** , an Oregon business corporation,<br><br>Defendant. | Case No.: 1:20-cv-666<br><br>COMPLAINT<br><br>Fair Labor Standards Act,<br>(29 U.S.C. §§ 201, *et seq.*)<br>Oregon Wage and Hour Laws,<br>Unlawful Employment Practices,<br>Migrant and Seasonal Agricultural<br>Worker Protection Act,<br>(29 U.S.C. §§ 1801, *et seq.*),<br>Oregon Contractor Registration Act<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT - PAGE 1

## I. INTRODUCTION

1.      Lorenzo Cortes-Diaz and Jose Manuel Cortez-Diaz ("Plaintiffs") bring this action against their former employer DL Reforestation, Inc.  ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (FLSA) to collect unpaid wages.  Plaintiffs seek overtime wages due to them under 29 U.S.C. § 207, and liquidated damages and attorney's fees under 29 U.S.C. § 216(b).

2.      Plaintiffs allege violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq.*, (AWPA), and seek actual or statutory damages of up to $500 for violations of 29 U.S.C. §§ 1821(a)(no accurate disclosure of job terms), 1821(b)(no conspicuous posting of workers' rights and remedies), 1821(d)(1)(C)(failure to maintain record of hours worked), 1822(c)(working arrangement).

3.      Plaintiffs also seek unpaid wages and penalties pursuant to O.R.S. §§ 652.140, 652.150, O.A.R. 839-020-0030, promulgated under 653.261, 653.055, and attorney's fees under O.R.S. § 652.200.

4.      Plaintiffs also allege violations of the Oregon Contractor Registration Act and seek penalties for violations of O.R.S. §§ 658.440(1)(d)(compliance with contracts), 658.440(1)(f)(written disclosure statement), 658.440(2)(b)(habitable housing), and attorney's fees under O.R.S. 658.453(4).

5.      Defendant retaliated against Plaintiffs for applying for benefits and/or invoking or using the procedures under O.R.S. Chapter 656, the state's workers' compensation system, and due to their relationship as brothers, and failed to reinstate Plaintiffs because they suffered work injuries in violation of O.R.S. §§ 659A.043 and 659.040.  Plaintiffs are entitled to compensatory damages and attorney's fees under O.R.S. § 659A.885.

## II. JURISDICTION

6.      This Court has jurisdiction of this action under 28 U.S.C. §1331, as this action

arises under the laws of the United States; 28 U.S.C. §1337, as this action arises under Acts of

Congress governing commerce; 29 U.S.C.§ 216(b), as this action arises under the FLSA; 29 U.S.C.

§ 29 U.S.C. 1854, as this action arises under AWPA; and 28 U.S.C. §1367, as the state claims are

so related to the federal claims as to form part of the same case or controversy under Article III of

the United States Constitution.

## III. PARTIES

7.      Lorenzo Cortes-Diaz is a natural person who resides in Mexico.

8.      Jose Manuel Cortes-Diaz is a natural person who resides in Mexico.

9.      DL Reforestation, Inc. is a domestic business corporation in Oregon with its

principal place of business in White City in Jackson County, Oregon.

## IV. FACTS

10.     Defendant is a registered forestry labor contractor with the U.S. Department of

Labor.

11.     Defendant is a licensed forestry labor contractor with the Bureau of Labor and

Industries.

12.     In 2015, Plaintiffs met foreman Eleazar Zamores while they worked for a different

forestation company.  Zamores told them about Defendant and helped recruit them for Defendant's

2016 season.

13.     In 2016, Domingo Lopez, the owner of Defendant, sent Plaintiffs confirmation that

he was processing their H-2B visas.

COMPLAINT - PAGE 3

14.     Plaintiffs then traveled to Zamora, Mexico, to meet Cipriano Molina, Defendant's recruiter living in Mexico, who helped Plaintiffs fill out forms and gave them an employment contract and/or the required disclosures.

15.     The contract for the initial employment period stated Plaintiffs would earn $23.00 per hour.

16.     Plaintiffs then traveled to Monterrey, Mexico, where an attorney for Defendant interviewed them, helped them obtain their issued H-2B visas, and obtained their fingerprints.

17.     Similarly, in 2017 and 2018, Molina called Plaintiffs to recruit them again and instruct them about their trip to Monterrey, Mexico, and information about their H-2B visas.

18.     No employment contract and/or disclosures were provided for either 2017 or 2018, at the time of Plaintiffs' recruitment.  Plaintiffs were not informed how much they would earn until they arrived in the United States.

19.     When they arrived in the United States, in both 2017 and 2018, Plaintiffs were verbally told they would earn $23.00 per hour for all "chainsaw work" and $18.00 per hour for all "other" work.

20.     In fact, Defendant's pay structure was more complicated.  Examples of the kinds of work listed on Plaintiffs' paystubs included piling, severing, and cuts and were paid as follows:

       a.  Oregon hand piling paid $13.54 per hour;

       b.  Oregon hand severing paid $17.95 per hour;

       c.  Oregon Juniper cut paid $20.00 per hour; and

       d.  Nevada Juniper cut was paid $19.50 per hour.

21.     In 2017, Plaintiff Lorenzo Cortes-Diaz performed forestation work for Defendant from August 28, 2017, to November 30, 2017.

COMPLAINT - PAGE 4

22.    Plaintiff Jose Manuel Cortes-Diaz performed forestation work for Defendant from August 28, 2017, to November 30, 2017.

23.    In 2018, Plaintiff Lorenzo Cortes-Diaz performed forestation work for Defendant from March 26, 2018, to August 20, 2018, was injured on the job, and then went back to work before the end of his employment contract, from October 22, 2018, to November 4, 2018.

24.    Plaintiff Jose Manuel Cortes-Diaz performed forestation work from March 26, 2018, to September 9, 2018.

25.    For an agreed remuneration or pay rate, Defendant recruited, solicited, supplied, and/or employed Plaintiffs to perform work for private forestry companies and/or state/federal agencies in Southern Oregon, Northern California, and Northern Nevada.

26.    Defendant entered into contracts with the Federal Government to furnish forestation services.

27.    As part of his contract with the Federal Government, Defendant made a promise that no part of the services covered in the contract would be unsanitary or hazardous or dangerous to the health or safety of the workers engaged to provide the services.

28.    Plaintiffs were hired to provide the services described in the federal contract referred to above.

29.    Plaintiffs were the intended beneficiaries of that promise of safe working conditions.

30.    As a part of Defendant's working arrangement, Plaintiffs were to be returned home to Mexico once their employment contract expired.

31.    Plaintiffs regularly worked from Sunday through Friday.

32.    Defendant only paid Plaintiffs for work performed Monday through Friday.

COMPLAINT - PAGE 5

33.     Every Sunday, Defendant picked up Plaintiffs at around 11:00 AM or 12:00 PM, took them to buy supplies, and then to its shop, where Plaintiffs helped load the work vans with empty gasoline cans, chainsaws, handsaws, and other supplies.

34.     Defendant's van then transported Plaintiffs to the hotel/motel, for example, in Lakeview and Burns, Oregon, where they would stay for the week.

35.     The drive from Defendant's shop to the hotel/motel was generally 3 to 5 hours long, including a stop en route to fill up all the gasoline cans.

36.     Plaintiffs worked between 5 to 7 hours on Sundays.

37.     Defendant never paid Plaintiffs for the work and travel time on Sundays.

38.     During the week, Defendant routinely left the hotel/motel around 3:00 AM or 4:00 AM each morning.

39.     From the hotel/motel, Defendant would drive to the forestation site where they were to work for the day.

40.     The drive from the hotel/motel to the drop-off site routinely took approximately one to three hours.

41.     Defendants would drop Plaintiffs off at the side of the road in the vicinity of the worksite.

42.     It took Plaintiffs about 10 minutes each day to unload the work vans of the tools, equipment, and supplies.

43.     From the roadside drop-off site, it took another 30 to 45 minutes to walk through the forest to the worksite.

44.     Plaintiffs were not paid for any of this time travel time.

COMPLAINT - PAGE 6

45.     At the end of the workday, Plaintiffs had to pack up all the tools, equipment, and supplies and traveled with them by foot for 30 to 45 minutes to the work vans.  It took plaintiffs another 10 minutes each day to load supplies and equipment into the work van.

46.     The drive from the pick-up site back to the hotel/motel routinely took approximately one to three hours.

47.     Plaintiffs were also not paid for this time.

48.     Defendant's working arrangement with Plaintiffs was that it would drive them back to Medford at the end of the workday on Friday.

49.     On occasion, Defendant would unilaterally decide to stay until Saturday morning.

50.     Plaintiffs were required to pay for the extra night at the hotel/motel.

51.     Among other weeks, Plaintiffs worked over 40 hours the week of May 7, 2018, but were not compensated at a rate of time-and-one-half for hours over 40.

52.     Plaintiffs slept in motels/hotels paid for and often operated by Defendant.

53.     These motels/hotels did not rent rooms to outside guests.

54.     Depending on the motel/hotel, Plaintiffs were subjected to severe health and safety violations.  Some examples include, but are not limited to:

        a.    Plaintiffs were often forced to sleep on bedbug-infested beds;

        b.    Defendant often had more than four employees sleep in a room with two full-size beds; and

        c.    The rooms did not always have functioning heaters and/or air conditioners.

55.     At the worksite, Defendant never conspicuously posted the Secretary of Labor poster setting forth the rights and protections afforded to Plaintiffs under AWPA.

COMPLAINT - PAGE 7

56.     Defendant failed to comply with state and/or federal worksite sanitation standards in breach of its working arrangement with Plaintiffs.  Examples include:

      a.  Defendant failed to provide suitably cool and/or sufficient amounts of potable drinking water dispensed in single-use cups or by fountains; and

      b.  Defendants failed to provide toilets and/or handwashing facilities for Plaintiffs.

57.     Defendant provided all of the tools necessary for employees to complete their jobs. Each employee who performed chainsaw cutting was assigned a chainsaw to use for the entire season.

58.     On or about August 20, 2018, Plaintiff Lorenzo Cortes-Diaz's assigned chainsaw broke down.  He was assigned a loaner chainsaw to use for the day.

59.     The loaner chainsaw did not have the kickback guard to protect the chainsaw from cutting into the user if the chainsaw kicked back.

60.     Plaintiff Lorenzo Cortes-Diaz had no alternative but to use the loaner chainsaw.

61.     When Plaintiff Lorenzo Cortes-Diaz was cutting a felled tree, the chainsaw kicked back, hitting him on the right side of the chest, and his neck and face.  This caused a deep cut vertically down his chest and deformation to the right side of his face.

62.     Plaintiff Lorenzo Cortes-Diaz immediately fell to the ground.  His brother, Plaintiff Jose Manuel Cortes-Diaz, rushed over to aid him by removing his shirt and putting pressure on his chest opening to slow down the blood.

63.     Defendant's employees, including Plaintiff Jose Manuel Cortes-Diaz, called out to Armando Lopez, the operations manager, who was approximately half a mile ahead of Plaintiff Lorenzo Cortes-Diaz when he was injured.  They pled with him to call 911.  He refused.

64.    Only a few employees, including Plaintiff Jose Manuel Cortes-Diaz, helped lift and walk Plaintiff Lorenzo Cortes-Diaz to the work van about two miles away.

65.    Plaintiff Lorenzo Cortes-Diaz was walked out of the forest 40 minutes to the van and then driven about 40 minutes to the medical facility where he was treated.

66.    Two to three days after the accident, Plaintiff Jose Manuel Cortes-Diaz told Lopez that he was very distraught, had not been sleeping, and had suffered trauma from seeing his brother's injury.

67.    Plaintiff Jose Manuel Cortes-Diaz asked to see a doctor but was denied permission.

68.    Plaintiff Jose Manuel Cortes-Diaz attempted to see a doctor on his own but was turned away by a doctor's office because he did not have money to prepay for a visit.

69.    After this, Defendant did not allow Plaintiff Jose Manuel Cortes-Diaz to continue to work because he was perceived to be a liability. Defendant offered to send him back to Mexico early.

70.    Because he was no longer being offered work, Plaintiff Jose Manuel Cortes-Diaz felt that returning to Mexico was his only option.

71.    Plaintiff Jose Manuel Cortes-Diaz was returned to Mexico on or around September 9, 2018.

72.    Plaintiff Lorenzo Cortes-Diaz was returned to Mexico on or around November 2018.

73.    Defendant promised Plaintiff Lorenzo Cortes-Dias that he would be asked to return in the 2019 season for the same forestation work, and to continue to receive treatment from Defendant's insurer.

COMPLAINT - PAGE 9

74.     Defendant similarly promised Plaintiff Jose Manuel Cortes-Dias that he would be asked to return in the 2019 season for the same forestation work.

75.     Beginning in February 2019, Plaintiffs followed up with Lopez on several occasions to inquire about reinstatement.

76.     Plaintiff Jose Manuel Cortes-Diaz pleaded with Defendant to allow them to return to work so that his brother could continue to receive medical treatment for his work injuries.

77.     Lopez ignored them on multiple occasions, and said that he would get back to them.

78.     On or around May 24, 2019, Lopez informed Plaintiff Lorenzo Cortes-Diaz, via text message, that he would not reinstate him to any position in 2019.

79.     Lopez's stated reason was that Defendant had been issued fewer worker visas than in previous years.

80.     However, for the same period, Defendant was granted a higher number of visas in 2019 than in 2018.

81.     Defendant failed to reinstate Plaintiff Lorenzo Cortes-Diaz.

82.     When Plaintiff Jose Manuel Cortes-Diaz asked to be reinstated, Defendant responded that he should have stayed out of his brother's business.

83.     Plaintiffs, through counsel, sent demand letters to Defendant's counsel on February 26, 2020, and March 16, 2020, via U.S. Mail and Electronic Mail, outlining Defendant's violations of state and federal wage and hour law, workers' compensation retaliation, and statutory violation of AWPA and OCRA.

84.     Plaintiffs engaged in good-faith negotiations, including a phone call with Defendant's counsel on March 10th, 2020.

/ /

COMPLAINT - PAGE 10

## V. CLAIMS FOR RELIEF

### First Claim – Violation of Federal Fair Labor Standards Act

85.     Defendant violated 29 U.S.C. § 207, when it failed to pay Plaintiffs at a rate of time and one half for work performed in excess of forty hours in a workweek.

86.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid overtime, an equal amount as liquidated damages, and attorneys' fees and costs.

### Second Claim – Violation of Oregon Overtime Law

87.     Defendant violated O.A.R. 839-020-0030, promulgated under O.R.S. § 653.261, when it failed to pay Plaintiffs at a rate of time and one half for work performed in excess of forty hours in a workweek.

88.     Plaintiffs are each entitled, under O.R.S. § 653.055, to recover penalty wages in an amount equal to 240 times their hourly wage rate.

89.     Plaintiffs are also entitled to reasonable attorneys' fees and costs under O.R.S. § 653.055.

### Third Claim – Violation of Oregon Timely Payment of Wages Law

90.     Defendant violated O.R.S. § 652.140, when it failed to pay Plaintiffs all of their wages when due upon termination of their employment.

91.     Pursuant to O.R.S. § 652.150, Plaintiffs are each entitled to recover penalty damages in an amount equal to 240 times their hourly wage rates, and to reasonable attorneys' fees and costs.

/ /

/ /

/ /

COMPLAINT - PAGE 11

**Fourth Claim – Violation of Oregon Unlawful Employment Practices Law**

**(Retaliation against Injured Employees)**

92.     Defendant violated O.R.S. § 659A.040, when it retaliated against Plaintiffs for applying for benefits and/or invoking or utilizing the procedures provided for in ORS chapter 656 and due to their relationship as brothers.

93.     Defendant violated O.R.S. § 659A.043, and failed to reinstate Plaintiffs to their former position upon demand for such reinstatement.

94.     Plaintiffs seek compensatory damages and attorneys' fees and costs under O.R.S. § 659A.885.

**Fifth Claim – Violation Migrant and Seasonal Worker Protection Act**

95.     Defendant violated 29 U.S.C. § 1821(a), when it failed to furnish Plaintiffs with accurate written disclosures explaining the terms and conditions of employment.

96.     Defendant violated 29 U.S.C. § 1821(b) when it failed to post in a conspicuous place a poster provided by the Secretary of Labor setting forth the rights and protections afforded to Plaintiffs under AWPA.

97.     Defendant violated 29 U.S.C § 1821(d)(1)(C) by failing to make, keep, and preserve payroll records for Plaintiffs' compensable travel time.

98.     Defendant violated 29 U.S.C. § 1823 by providing housing that did not comply with applicable health and safety standards.

99.     Defendant breached its working arrangement in violation of 29 U.S.C. § 1822(c) when it:

    a.  Failed to pay Plaintiffs its contract wages for their compensable travel time;

COMPLAINT - PAGE 12

b.  Returned Plaintiff Jose Manuel Cotes-Diaz to Mexico in retaliation for invoking the state's workers' compensation system under ORS chapter 656;

c.  Unilaterally decided to stay an extra night at the hotel/motel and required Plaintiffs to cover the cost;

d.  Failed to furnish Plaintiffs with accurate written disclosures of the terms and conditions of their employment;

e.  Failed to make, keep, and preserve payroll records for Plaintiffs' compensable travel time;

f.  Failed to comply with state and federal on-site sanitation and health and safety standards;

g.  Provided housing that did not comply with local, state, and/or federal health and safety standards; and

h.  Breached its contract with the Federal Government by providing and having Lorenzo Cortes-Diaz work with a chainsaw missing a kickback guard.

100.   Plaintiffs' violations of AWPA were intentional.

101.   Plaintiffs seek actual damages or up to $500 in statutory damages for each violation in Paragraphs 95 through 99 pursuant to 29 U.S.C. § 1854(c)(1).

102.   Plaintiffs have made good-faith attempts to resolve the issues in dispute in accordance with 29 U.S.C. § 1854(c)(2).

**Sixth Claim – Violation of Oregon Contractor Registration Act**

103.   Defendant violated O.R.S. § 658.440(1)(d)  by failing to pay Plaintiffs the agreed-upon hourly wage, and therefore failing to comply with all the terms of the contract it entered into in its capacity as a farm labor contractor.

104.    Defendant failed to furnish Plaintiffs with adequate and/or accurate written disclosures, at the time of hiring, recruiting, soliciting, or supplying, communicating to Plaintiffs the required descriptions listed under O.R.S. § 658.440(1)(f)(A)-(I).

105.    Defendant violated O.R.S. 658.440(2)(b) by providing housing to Plaintiffs during their employment that failed to substantially comply with the health, safety, or habitability of the housing.

106.    Plaintiffs is entitled to damages or $1,000.00 statutory damages, whichever is greater, for each violation described in Paragraphs 103 through 105, and all attorneys' fees under O.R.S. § 658.453.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

1.    Award Plaintiffs their unpaid overtime premiums pursuant to 29 U.S.C. § 207;

2.    Award Plaintiffs an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

3.    Award Plaintiffs their overtime premiums as required under O.R.S. § 653.261;

4.    Award Plaintiffs penalty wages in the amount of 240 times their hourly wage pursuant to O.R.S. § 653.055;

5.    Award Plaintiffs penalty wages in the amount of 240 times their hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages when due upon termination of Plaintiffs' employment as required under O.R.S. § 652.140;

6.    Award Plaintiffs their contractual wages;

7.    Award Plaintiffs actual damages or up to $500 in statutory damages for violations of AWPA described in Paragraphs 95 through 99;

COMPLAINT - PAGE 14

8.      Award Plaintiffs actual damages or $1,000, whichever is greater, in statutory

damages for violations of OCRA described in Paragraphs 103 through 105;

9.      Award Plaintiffs compensatory damages pursuant to O.R.S. § 659A.885, for failing

to reinstate Plaintiffs to their former position upon demand as required by O.R.S. §

659A.043;

10.     Award Plaintiffs damages for emotional distress, mental anguish, loss of enjoyment

of life and humiliation;

11.     Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable

attorneys' fees and costs under 29 U.S.C. § 216(b), O.R.S. §§ 652.200 653.055,

658.453, and 659A.885;

12.     Award Plaintiffs pre-judgment interest on sums due under the state law claims and

post-judgment interest on all claims; and

13.     Award Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted this 22nd day of April, 2020, by:

s/_Mayra A. Ledesma
**Mayra A. Ledesma**, OSB #183942
Attorney for Plaintiff

COMPLAINT - PAGE 15