**Wendel V. Hall,** DC Bar No. 439344
wendel@halllawoffice.net
HALL LAW OFFICE, PLLC
1150 18th Street NW, Suite 1030
Washington, DC 20036-3850
Phone: 202-507-8861

**Tracy M. McGovern**, OSB No. 935349
Email: mcgovern@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR  97504
Phone: (541) 772-2333
Fax:    (541) 779-6379
Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| LORENZO CORTES-DIAZ and JOSE MANUEL CORTES-DIAZ, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DL REFORESTATION, INC., an Oregon Business corporation,<br><br>Defendant. | Case No.:  1:20-cv-666-CL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY** |

## I.      INTRODUCTION

The Court should deny Plaintiffs' Opposed Motion To Certify A Question To The Oregon Supreme Court. Plaintiff has not satisfied the legal standard for doing so.

## II.      STATEMENT OF FACTS

Plaintiffs' lawsuit demands that DL Reforestation pay them for certain categories of allegedly unpaid time. Of relevance here are (1) their daily morning and evening commutes and (2) their late Sunday afternoon commute to their weekly base of **operations**. During these

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY**

**Page 1 of 6**

commutes, Plaintiffs relaxed. They listened to music; they sipped water; they surfed the Internet; and they slept. *See* Exhibit 1, LCD, Tr. at 34, ll. 23-24; *id.* at Tr. at 38, ll. 4-5; *id.* at Tr. at 113, ll. 1-5.

After discovery, Plaintiffs moved for partial summary judgment, which Defendant opposed. Plaintiffs needed an extension of time to file their reply. Along with this request, Plaintiffs asked if Defendant would oppose a motion "to certify the question about what constitutes 'work' under Oregon wage and hour law to the Supreme Court of Oregon." Defendant declined since the Oregon law is clear on what qualifies as work. *Leonard v. Arrow-Tualatin, Inc.*, 76 Or. App. 120, 708 P.2d 630 (1985).

Plaintiffs filed this motion on November 11, 2021. The question that Plaintiffs want to certify to the Oregon Supreme Court changed:

> Whether the term "work" as used under O.R.S. § 653.010(11), is subject to the limitations on the compensability of travel time imposed by the federal Portal-to-Portal Act ("PTPA"), 29 U.S.C. §§ 251 – 262 (1947) or should be interpreted to include travel time by reference to the plain language of Oregon's statute and regulations and federal cases interpreting the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") that were decided prior to the adoption by Congress of the PTPA.

*See* Motion to Certify, p. 2. Simplifying somewhat, the question is whether, under the common sense understanding of "work" adopted by the Supreme Court in *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944), the time Plaintiffs spent surfing the Internet, chatting with friends, sipping coffee, and so on was "work."

## III.    ARGUMENT

### A.    Standard For Certifying A Legal Question To The Oregon Supreme Court.

"Certification of questions of state law to the highest court of the state 'provides a means to obtain authoritative answers to unclear questions of state law.'" *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995), quoting *Toner v. Lederle Labs., Div. of Am. Cyanamid Co.*, 779

F.2d 1429, 1432 (9th Cir. 1986). If there is sufficient law for the federal court to make an informed decision on the issues, however, certification is unwarranted. *Atchinson v. Howmet Aero., Inc.*, No. 20-35250, 2021 U.S. App. LEXIS 33398, at *4 (9th Cir. Nov. 10, 2021); *United States v. Lawrence*, 364 Or. 796, 801, 441 P.3d 587, 589-90 (2019) (declining to accept certified question because "an Oregon Court of Appeals decision provides sufficient guidance as to what remains of that question[.]"); *Syngenta Seeds, Inc. v. Cty. of Kauai*, 842 F.3d 669, 681 (9th Cir. 2016). If either the state supreme court or the state appellate court has interpreted the provision of law at issue, certification is inappropriate. *Atchinson*, No. 2021 U.S. App. LEXIS 33398, at *4; *Perez-Farias v. Glob. Horizons, Inc.*, 668 F.3d 588, 589 (9th Cir. 2011); *Puyallup Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1263 n.14 (9th Cir. 1983). In the absence of controlling law from a state supreme court, a district court may properly look to decisions from other jurisdictions, appellate cases, and even treatises and the like, *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). The Oregon Supreme Court has been emphatic in this regard:

> The fifth requirement is that it must appear to the certifying court that there is no controlling precedent from either this court or the Oregon Court of Appeals. Controlling precedent from either court is sufficient. A certifying court is not to distinguish between decisions of this court, on the one hand, and those of the Court of Appeals, on the other, so long as the latter are not called into question by other decisions of this court. *Certification is not a vehicle in Oregon for obtaining a Supreme Court decision on a question of law that already has been decided by the Court of Appeals.*

*W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*, 311 Or. 361, 365, 811 P.2d 627, 630-31 (1991) (emphasis added).

**B.    Plaintiffs Have Not Satisfied The Legal Standard For Certification.**

The question Plaintiffs propose for certification is how the term "work" is defined under Oregon law. The Oregon Court of Appeals answered the question in *Leonard v. Arrow-Tualatin, Inc.*, 76 Or. App. 120, 708 P.2d 630 (1985). Work is as defined in *Tenn. C. v. Muscoda*, 321 U.S.

590, 64 S. Ct. 698 (1944), but does not include time necessarily at work unless the employer and employee have agreed that that time would be paid. *See Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-00475-PK, 2015 U.S. Dist. LEXIS 84672, at *23 (D. Or. June 30, 2015) ("For these reasons, I find the definition of 'work' first articulated in *Tennessee Coal* and subsequently adopted in *Leonard* applicable to ORS 653.268."). Notably, *Leonard* rejected Plaintiffs' preferred framework. *Leonard*, 76 Or. App. 120, 123-24 ("Essentially, plaintiff's position is that *any* labor done at the place of employment constitutes "work" for which compensation must be paid. His argument misconstrues the concept of "work" in an employment context.")[1] The specific relationship of Oregon law to the Portal-to-Portal Act may be of some academic interest, but it has no impact since that would not change *Leonard*.

The purpose of certification here is not to clarify an open question of Oregon law as to which there is no guidance. There is clear guidance. Rather, it is to see if Plaintiffs can get the Oregon Supreme Court to reverse or otherwise limit *Leonard*. However, "certification is not a vehicle in Oregon for obtaining a Supreme Court decision on a question of law that already has been decided by the Court of Appeals." *Kambury v. DaimlerChrysler Corp.*, 334 Or. 367, 373, 50 P.3d 1163, 1165 (2002).

## III.    CONCLUSION

The Court should deny Plaintiffs' motion. There is clear authority from the Oregon Court of Appeals setting forth the applicable legal standard. Plaintiffs' dissatisfaction with *Leonard v. Arrow-Tualatin, Inc.*, 76 Or. App. 120, 708 P.2d 630 (1985), is understandable. But certification

---

[1]    Other federal courts in Oregon have read *Leonard* as articulating the law. *Wilson v. Decibels of Or., Inc.*, No. 1:16-cv-00855-CL, 2017 U.S. Dist. LEXIS 176983, at *35 (D. Or. Sep. 11, 2017); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-00475-PK, 2015 U.S. Dist. LEXIS 84672, at *23 (D. Or. June 30, 2015); *Dusan-Speck v. St. Charles Health Sys.*, No. 6:13-cv-00358-AA, 2013 U.S. Dist. LEXIS 113792, at *5 (D. Or. Aug. 9, 2013).

is not a vehicle for obtaining Oregon Supreme Court review of adverse (to Plaintiffs) precedent.

Oregon law is clear: *Tennessee Coal* defines work and not all on premise time counts as work

absent an agreement. Certification is unwarranted and should be denied.


DATED this 1st day of December, 2021



HALL LAW OFFICE, PLLC

*/s Wendel V. Hall*
Wendel V. Hall, DC Bar No. 439344
wendel@halllawoffice.net
Of Attorneys for Defendant


FROHNMAYER, DEATHERAGE,  JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC

 */s  Tracy M. McGovern*
Tracy M. McGovern, OSB No. 935349
mcgovern@fdfirm.com
Of Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY** by sending a copy via the Court's Electronic Filing System to the following:

Mayra A. Ledesma
Corinna Spencer-Scheurich
Northwest Workers Justice Project
812 SW Washington Street, Suite 1100
Portland, OR 97205-3215
mayra@nwjp.org, corinna@nwjp.org

D. Michael Dale
Law Offices of D. Michael Dale
PO Box 1032
Cornelius, OR 97113-1032
michaeldale@dmichaeldale.net

DATED this 1st day of December, 2021.

FROHNMAYER, DEATHERAGE,  JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC

 /s  Tracy M. McGovern
Tracy M. McGovern, OSB No. 935349
mcgovern@fdfirm.com
Of Attorneys for Defendant